1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Marc J. Randazza (CA SBN 269535)
Alex Shepard (CA SBN 29058)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tel: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Binbit Argentina, S.A.

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BINBIT ARGENTINA, S.A.,**<br>   a foreign corporation,<br><br>             Plaintiff,<br><br>       vs.<br><br>**JOHN DOES 1-25**; and<br>**ROE CORPORATIONS 26-50**,<br><br>             Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>**(1)  BREACH OF CONTRACT; and**<br>**(2)  VIOLATIONS OF THE COMPUTER<br>       FRAUD AND ABUSE ACT**<br><br>**JURY DEMAND** |

        For its Complaint against Defendants Doe Defendants 1 through 25, and

Roe Corporation Defendants 26 through 50 (collectively, "Defendants"), Plaintiff

Binbit Argentina, S.A. ("Binbit") hereby complains and alleges as follows:

### NATURE OF ACTION

        The Binbit Group is a group of companies that provide mobile

entertainment services to users around the world.  Plaintiff Binbit Argentina, S.A. is

an Argentinian company within the Binbit Group that provides mobile

entertainment services, such as ringtones, wallpapers, and video games, to

consumers in Argentina.  In doing so, it contracts with international cellular providers, who allow Binbit to offer its services to their customers.

As part of an ongoing business relationships with cellular providers, Binbit contracts with networks of affiliates to market Binbit's products to consumers. One of these affiliates, without any authorization, made deceptive and fraudulent representations about promotions offered by an unrelated third party. These representations caused harm to consumers and caused damage to Binbit's reputation and relationship with whom it contracts.  Further, by using Binbit's sign-up services in a fraudulent manner, Defendants exceeded their authorization to use such services.

## JURISDICTION AND VENUE

1.     Binbit's first claim for relief arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1030(g).

2.     This Court has supplemental subject matter jurisdiction over the pendant state law claims under 28 U.S.C. § 1367, because these claims are so related to Binbit's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has jurisdiction over Defendants because the claims in the Complaint relate to the registration and operation of the domain names <MyPromos.vip> and <SuperPromos.top>, which were registered through Dynadot LLC, a California limited liability company.

4.     Furthermore, the web sites accessible at <MyPromos.vip> and <SuperPromos.top> were at all relevant times interactive and accessible to residents of this District.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

6.     Plaintiff Binbit is part of the Binbit Group, and is an Argentinian company that provides mobile entertainment services, such as ringtones, wallpapers, and video games, to consumers in Argentina and throughout Latin America.

7.     Defendants are individuals or entities who registered and operated the <MyPromos.vip> and <SuperPromos.top> domain names and web sites in breach of their contractual obligations.

8.     The identities of Defendants are currently unknown, as the registrants of the domains were obscuring their identities using Dynadot LLC's privacy protections.

**FACTS RELEVANT TO ALL CLAIMS**

9.     The Binbit Group is a group of companies that provide mobile entertainment services to users around the world.

10.     Binbit, as part of the Binbit Group, provides mobile entertainment services, such as ringtones, wallpapers, and video games, to consumers in Argentina.

11.     In providing these service, Binbit contracts with international cellular providers, who allow Binbit to offer its services to their customers.

12.     In order to attract consumers to use Binbit's products, Binbit contracts with companies ("Networks") that offer online marketing services through third parties called affiliates ("Affiliates").

13.     The Networks in turn hire the "Affiliates" who create advertising campaigns that encourage consumers to use Binbit's products.

14.     The Networks and Affiliates that Binbit contracts with are subject to stringent policies which prohibit the Networks and Affiliates from employing

deceptive, misleading, or fraudulent advertising campaigns to encourage induce consumers to sign up for Binbit's services.

15.    Upon information and belief, one or more unknown Affiliates and/or Networks created a misleading and fraudulent advertising campaign to induce consumers to sign up for Binbit's services (the "Fraudulent Campaign").

16.    The Fraudulent Campaign, which was active between approximately February 2017 and April 2017, consisted of the transmission of unsolicited messages through the application WhatsApp and other medium to users throughout Argentina and Latin America.

17.    The messages employed by the Fraudulent Campaign advertised that in exchange for filling out a three-question survey, the user would receive 1,000 chocolate eggs from Ferrero Rocher®.

18.    Binbit does not in fact have any contractual or other relationship with Ferrero Rocher®.

19.    Upon information and belief, the Networks and/or Affiliates employing the Fraudulent Campaign did not have any such relationship with Ferrero Rocher® and knew that such claims were false, misleading, and fraudulent.

20.    Users receiving the messages through the Fraudulent Campaign were directed to webpages hosted on <MyPromos.vip> or <SuperPromos.top> and directed to complete a fraudulent survey purporting to be associated with Ferrero Rocher®.

21.    At the conclusion of the fraudulent survey, users were directed to a landing page where they were instructed to enter their cellular telephone number in order to receive their prize.

22.     Instead, by entering their cellular telephone numbers, the users were being signed up for Binbit's paid services, which would then be added to the user's cellular telephone bill.

23.     Upon information and belief, the Network and/or Affiliate associated with the Fraudulent Campaign disguised the sign-up landing page so that the user did not know that he or she was signing up for Binbit's paid services.

24.     This type of advertising campaign is prohibited by Binbit's policies and terms.

25.     As a proximate result of the Fraudulent Campaign, Binbit has been the subject of negative news stories throughout Argentina and Latin America, harming its relationships with consumers, cellular providers, and other businesses.

26.     The Network and/or Affiliate used web pages located on the domains <MyPromos.vip> and <SuperPromos.top> to facilitate the Fraudulent Campaign.

27.     The <MyPromos.vip> and <SuperPromos.top> domain names are registered through Dynadot LLC, California limited liability company.

28.     During the relevant time period, the identity of the registrants of <MyPromos.vip> and <SuperPromos.top> were obscured by their use of Dynadot LLC's privacy protection services.

## CLAIMS FOR RELIEF

**First Claim for Relief**
**Breach of Contract**

29.     Binbit repeats and realleges the preceding paragraphs as if set forth fully herein.

30.    Defendants are agents and/or affiliates of a Network which entered into a contractual relationship with Binbit to provide marketing services.

31.    As agents and/or affiliates of a Network, Defendants were under the same contractual obligations in providing these services as the Network.

32.    The contractual obligations in the Guidelines included a prohibition on making misleading or fraudulent statements as part of a marketing campaign.

33.    Defendants, without any authorization or permission from Binbit, made fraudulent representations on the web sites <MyPromos.vip> and <SuperPromos.top>, including the statement that in exchange for filling out a three-question survey, which signed users up for Binbit services, the user would receive 1,000 chocolate eggs from Ferrero Rocher®.

34.    These statements were and are false, and Defendants had no factual basis for making them.

35.    Binbit has suffered harm as a result of Defendants' willful breach of its contractual obligations, including lost revenue.

36.    As a direct result of Defendants' actions, Binbit has sustained, and will continue to sustain, substantial injury, loss, and damage in an amount to be proven at trial in excess of $75,000.

**Second Claim for Relief**
**Violations of the Computer Fraud and Abuse Act**
**18 U.S.C. § 1030(a)(2)(C), (a)(4), & (a)(6)(A)**

37.    Binbit repeats and realleges the preceding paragraphs as if set forth fully herein.

38.    Binbit allows its Networks and Affiliates to use its sign-up services via the World Wide Web in order to sign consumers up for Binbit's services.

39.   Binbit's computerized sign-up services allow the Networks and Affiliates access to certain computer systems and computer networks, owned or controlled by Binbit, which are protected computers within the meaning of 18 U.S.C. § 1030(e)(2).

40.   Use of Binbit's computerized sign-up services is controlled by Binbit's terms and conditions by which its Networks and Affiliates are bound.

41.   Binbit's terms and conditions disallow the use of its computerized sign-up services where the Network or Affiliates actions are misrepresentative, fraudulent, or where their actions violate the laws of any state or country.

42.   Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by knowingly and intentionally accessing Binbit's computerized sign-up system, and the computers which host the information available on those associated websites, without authorization or exceeding authorized access.

43.   Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4), by knowingly and intentionally, and with the intent to defraud, accessing Binbit's computerized sign-up system, and the computers which host the information available on those associated websites, without authorization or exceeding authorized access.  Defendants accessed the sign-up system for the purpose of defrauding third parties and obtained information, the value of which is far in excess of $5,000.

44.   Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(6)(A) by knowingly and intentionally, and with the intent to defraud, accessing Binbit's computerized sign-up system, and the computers which host the information available on those associated websites which necessarily affects interstate commerce, without authorization or exceeding authorized access.

45.     Binbit has suffered harm as a result of Defendants' willful violation of the Computer Fraud and Abuse Act, including lost revenue.

46.     As a direct result of Defendants' actions, Binbit has sustained, and will continue to sustain, substantial injury, loss, and damage and seek compensatory and punitive damages under 18 U.S.C. § 1030(g) in an amount to be proven at trial in excess of $75,000.

### PRAYER FOR RELIEF

Plaintiff Binbit respectfully requests that the Court grant it the following relief against Defendants:

A.      An Order permitting early discovery from Dynadot LLC so that Binbit may discover the true identities of the Doe Defendants and Roe Corporation Defendants and amend the Complaint with the true and correct names of Defendants;

B.      For damages according to proof presented at trial;

C.      For disgorgement of any money, property, or the value of any other economic benefit that Defendants received as a result of their unlawful conduct;

D.      For aggravated damages;

E.      For punitive damages;

F.      For interest as provided by law;

G.      For costs of suit, including reasonable attorneys' fees; and

H.      For such other relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

Dated: August 27, 2019.          Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza

Marc J. Randazza (CA SBN 269535)
Alex Shepard (CA SBN 29058)
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiff
Binbit Argentina, S.A.