1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

BINBIT ARGENTINA, S.A.,

Case No.  19-cv-05384-KAW

8

Plaintiff,

9

v.

**ORDER DENYING EX PARTE MOTION FOR EARLY DISCOVERY**

10

JOHN DOES 1-25, et al.,

Re: Dkt. No. 5

11

Defendants.

12

13      On August 27, 2019, Plaintiff Binbit Argentina, S.A. filed the instant case, asserting claims

14   for breach of contract and violations of the Computer Fraud and Abuse Act.  (Compl. at 1, Dkt.

15   No. 1.)  Plaintiff is an Argentinian company that provides mobile entertainment services.  (Compl.

16   ¶ 6.)  To attract new customers, Plaintiff contracts with companies ("Networks") that offer online

17   marketing services through third parties called affiliates ("Affiliates"), who create advertising

18   campaigns to encourage customers to use Plaintiff's services.  (Compl. ¶¶ 12, 13.)

19      Plaintiffs allege that between February and April 2017, Defendants – an unknown Affiliate

20   and/or Network – "created a misleading and fraudulent advertising campaign to sign up for

21   [Plaintiff]'s services."  (Compl. ¶¶ 15, 16.)  Defendants fraudulently advertised that in exchange

22   for filling out a three-question survey, the user would receive 1,000 Ferrero Rocher chocolate

23   eggs.  (Compl. ¶ 17.)  Users would be directed to webpages hosted on "MyPromos.vip" and

24   "SuperPromos.top" to complete the fraudulent survey.  (Compl. ¶ 20.)  At the end of the survey,

25   users were directed to a loading page to enter their cell phone number to receive their prize.

26   (Compl. ¶ 21.)  By entering their cell phone number, the users would instead be signed up for

27   Plaintiff's paid services.  (Compl. ¶ 22.)  Plaintiff asserts that the campaign caused Plaintiff to be

28   the subject of negative news stories in Argentina and Latin America.  (Compl. ¶ 25.)

United States District Court
Northern District of California

<div style="float:left">United States District Court<br>Northern District of California</div>

1    On August 29, 2019, Plaintiff filed the instant ex parte motion for early discovery, seeking

2  the true identities of the Doe Defendants and the Roe Corporation Defendants from Dynadot LLC

3  and Cloudflare, Inc., California corporations who provide domain name services.  (Pl.'s Mot. at 2,

4  Dkt. No. 5.)  In the motion, Plaintiff states that Defendants are unknown Affiliates who made the

5  statements pursuant to Plaintiff's agreement with one of its Networks.  (*Id.* at 3.)

6    The Court finds Plaintiff has failed to demonstrate that it is entitled to early discovery.  In

7  general, Federal Rule of Civil Procedure 26(d)(1) permits a court to authorize early discovery if

8  there is good cause.  Further:

9    > [i]n determining whether there is good cause to allow expedited
10   > discovery to identify anonymous internet users named as doe
     > defendants, courts consider whether: (1) the plaintiff can identify the
11   > missing party with sufficient specificity such that the Court can
     > determine that defendant is a real person or entity who could be sued
12   > in federal court; (2) the plaintiff has identified all previous steps
     > taken to locate the elusive defendant; (3) the plaintiff's suit against
13   > defendant could withstand a motion to dismiss; and (4) the plaintiff
     > has demonstrated that there is a reasonable likelihood of being able
14   > to identify the defendant through discovery such that service of
     > process would be possible.

15  *OpenMind Sols., Inc. v. Doe*, Case No. 11-cv-3311-MEJ, 2011 U.S. Dist. LEXIS 116552, at *4-5

16  (N.D. Cal. Oct. 7, 2011).

17    First, Plaintiff fails to identify "the Defendants with sufficient specificity, demonstrating

18  that each Defendant is a real person or entity who would be subject to jurisdiction in this Court."

19  *OpenMind Sols., Inc.*, 2011 U.S. Dist. LEXIS 116552, at *5.  Here, Plaintiff has not explained

20  why Defendants would be subject to the jurisdiction of this Court, as Defendants' activities seem

21  directed at Argentina, and Plaintiff's harm was felt in Argentina and Latin America.  The only

22  connection Defendants have with this district is that it used domain name services from California

23  companies, but Plaintiff provides no authority to suggest this is sufficient to create jurisdiction.

24  *But see Liberty Media Holdings, LLC v. Moniker Privacy Servs. Registraint 2125963*, Case No.

25  11-62107-CV-WILLIAMS, 2011 U.S. Dist. LEXIS 164546, at *7-8 (S.D. Fla. Dec. 14, 2011)

26  ("merely registering a domain name with a company in Florida is insufficient to support personal

27  jurisdiction over a website's operator [in Florida]").

28    Second, Plaintiff fails to explain what steps it has taken to locate Defendants.  "This

2

1   element is aimed at ensuring that plaintiffs make a good faith effort to comply with the

2   requirements of service of process and specifically identifying defendants." *Columbia Ins. Co. v.*

3   *seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999).  In its motion, Plaintiff only states that

4   "there are no more practical measures that would permit [it] to identify the Doe and Roe

5   Corporation Defendants," but does not identify what measures – if any – were taken.  For

6   example, Plaintiff is apparently able to identify Defendants as an Affiliate, and that a contract

7   existed, giving rise to legal liability.  (*see* Pl.'s Mot. at 3.)  It is therefore not clear why Plaintiff is

8   unable to identify Defendants based on the contract.

9          Accordingly, the Court DENIES Plaintiff's motion without prejudice.

10          IT IS SO ORDERED.

11   Dated: September 24, 2019

12                                              _____
                                                KANDIS A. WESTMORE
13                                              United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

3