UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINBIT ARGENTINA, S.A.,<br>　　　　　Plaintiff,<br>　v.<br>JOHN DOES 1-25, et al.,<br>　　　　　Defendants. | Case No. 19-cv-05384-KAW<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED EX PARTE MOTION FOR EARLY DISCOVERY**<br>Re: Dkt. No. 10 |

On August 27, 2019, Plaintiff Binbit Argentina, S.A. filed the instant case, asserting claims for breach of contract and violations of the Computer Fraud and Abuse Act. (Compl. at 1, Dkt. No. 1.) Plaintiff is an Argentinian company that provides mobile entertainment services. (Compl. ¶ 6.) To attract new customers, Plaintiff contracts with companies ("Networks") that offer online marketing services through third parties called affiliates ("Affiliates"), who create advertising campaigns to encourage customers to use Plaintiff's services. (Compl. ¶¶ 12, 13.)

Plaintiffs allege that between February and April 2017, Defendants – an unknown Affiliate and/or Network – "created a misleading and fraudulent advertising campaign to sign up for [Plaintiff]'s services." (Compl. ¶¶ 15, 16.) Defendants fraudulently advertised that in exchange for filling out a three-question survey, the user would receive 1,000 Ferrero Rocher chocolate eggs. (Compl. ¶ 17.) Users would be directed to webpages hosted on "MyPromos.vip" and "SuperPromos.top" to complete the fraudulent survey. (Compl. ¶ 20.) At the end of the survey, users were directed to a loading page to enter their cell phone number to receive their prize. (Compl. ¶ 21.) By entering their cell phone number, the users would instead be signed up for Plaintiff's paid services. (Compl. ¶ 22.) Plaintiff asserts that the campaign caused Plaintiff to be the subject of negative news stories in Argentina and Latin America. (Compl. ¶ 25.)

On August 29, 2019, Plaintiff filed an ex parte motion for early discovery, seeking the true identities of Defendants from Dynadot LLC ("Dynadot") and Cloudflare, Inc. ("Cloudflare"), California corporations who provide domain name services. (Pl.'s Mot. at 2, Dkt. No. 5.) Plaintiff believes that Defendants are Affiliates. (*Id.* at 3.)

On September 24, 2019, the Court denied Plaintiff's motion without prejudice. (Ord., Dkt. No. 8.) The Court explained that in general, Federal Rule of Civil Procedure 26(d)(1) permits a court to authorize early discovery if there is good cause. (*Id.* at 2.) Further:

> [i]n determining whether there is good cause to allow expedited discovery to identify anonymous internet users named as doe defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

(*Id.* (internal quotation omitted).) The Court found, however, that Plaintiff had failed to explain how Defendants would be subject to the jurisdiction of this Court, as well as failed to identify what steps it had taken to locate Defendants. (*Id.* at 2-3.)

On October 25, 2019, Plaintiff filed a renewed ex parte motion for early discovery. (Pl.'s Renewed Mot., Dkt. No. 10.) Having reviewed the motion, the Court GRANTS Plaintiff's motion for early discovery.

First, Plaintiff has shown that Defendants are real persons or entities which may be sued in this Court. Defendants contracted with Dynadot and Cloudflare to obtain domain name services; in doing so, they agreed to terms of use with forum selection clauses in this district. (Pl.'s Renewed Mot. at 10.) Specifically, Dynadot's Service Agreement states: "For the adjudication of any disputes brought by a third party against You concerning or arising from Your use of a domain name registered with Dynadot . . . You . . . agree to submit to subject matter jurisdiction, personal jurisdiction, and venue of the United States District Court for the Northern District of California." (Pl.'s Renewed Mot., Exh. 2 at 1.) Likewise, the Cloudflare Terms of Use state: "To the extent that any lawsuit or court proceeding is permitted hereunder, you . . . agree to submit to

the personal and exclusive jurisdiction of the state and federal courts located within San Francisco County, California for the purpose of litigating all such disputes." (Pl.'s Renewed Mot., Exh. 4 at 3.) The Ninth Circuit has found that "a party has consented to personal jurisdiction when the party took some kind of affirmative act [such as] accepting a forum selection clause . . . ." *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007). Moreover, "courts have found personal jurisdiction based on consent to forum selection clauses contained in internet websites' terms of use." *Twitch Interactive, Inc. v. Johnston*, Case No. 16-cv-3404-BLF, 2018 U.S. Dist. LEXIS 184300, at *10 (N.D. Cal. Jan. 22, 2018).

Second, Plaintiff has identified steps taken to identify Defendants. Although Plaintiff contacted its Networks to learn the identities of Defendants, it was not able to learn any information from them. (Martinez Decl. ¶ 16, Dkt. No. 10-1.) Plaintiff also performed a search for the identities of the registrants of "MyPromos.vip" and "SuperPromos.top," but the domain privacy service obscures their identifying information. (Martinez Decl. ¶ 18.)

Third, at least some of Plaintiff's claims can survive a motion to dismiss. For example, Plaintiff brings a breach of contract claim. Plaintiff's contracts prohibit Networks and Affiliates from making misleading or fraudulent statements as part of a marketing campaign. (Compl. ¶ 32.) Defendants, however, made fraudulent representations in signing individuals up for Plaintiff's services, causing reputational harm and lost revenue. (Compl. ¶¶ 33-36.)

Fourth, there is a reasonable likelihood that the discovery sought will allow Plaintiff to identify Defendants, thus making service possible. In registering a domain name, Defendants would have been required to provide identifying information, including contact information. (Pl.'s Renewed Mot. at 13.)

Accordingly, the Court finds that Plaintiff has made a showing of good cause, and GRANTS Plaintiff's renewed motion for early discovery. Plaintiff may serve subpoenas on Dynadot and Cloudflare for the limited purpose of identifying Defendants. Dynadot and Cloudflare will have **30 days** from the date of service upon it to serve each of its subscriber(s) whose identifying information is sought with a copy of the subpoena and a copy of this order. Dynadot and Cloudflare may serve the subscribers using any reasonable means, including written

3

notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

Dynadot and Cloudflare and each subscriber shall have **30 days** from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If the 30-day period lapses without the subscriber contesting the subpoena, Dynadot and Cloudflare shall have **10 days** to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

Dynadot and Cloudflare shall preserve all subpoenaed information pending Dynadot and Cloudflare delivering such information to Plaintiff or the final resolution of a timely filed motion to quash the subpoena with respect to such information.

Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of litigating this lawsuit.

IT IS SO ORDERED.

Dated: November 22, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge