1

2

3

4              UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7    BINBIT ARGENTINA, S.A.,                    Case No.  19-cv-05384-KAW

8              Plaintiff,

                                                **ORDER GRANTING MOTION FOR**
9         v.                                     **EARLY DISCOVERY**

10   JOHN DOES 1-25, et al.,                     Re: Dkt. No. 18

11             Defendants.

12

13         On August 27, 2019, Plaintiff Binbit Argentina, S.A. filed the instant case, asserting claims

14   for breach of contract and violations of the Computer Fraud and Abuse Act.  (Compl. at 1, Dkt.

15   No. 1.)  Plaintiff is an Argentinian company that provides mobile entertainment services.  (Compl.

16   ¶ 6.)  To attract new customers, Plaintiff contracts with companies ("Networks") that offer online

17   marketing services through third parties called affiliates ("Affiliates"), who create advertising

18   campaigns to encourage customers to use Plaintiff's services.  (Compl. ¶¶ 12, 13.)

19         Plaintiffs allege that between February and April 2017, Defendants – an unknown Affiliate

20   and/or Network – "created a misleading and fraudulent advertising campaign to sign up for

21   [Plaintiff]'s services."  (Compl. ¶¶ 15, 16.)  Defendants fraudulently advertised that in exchange

22   for filling out a three-question survey, the user would receive 1,000 Ferrero Rocher chocolate

23   eggs.  (Compl. ¶ 17.)  Users would be directed to webpages hosted on "MyPromos.vip" and

24   "SuperPromos.top" to complete the fraudulent survey.  (Compl. ¶ 20.)  At the end of the survey,

25   users were directed to a loading page to enter their cell phone number to receive their prize.

26   (Compl. ¶ 21.)  By entering their cell phone number, the users would instead be signed up for

27   Plaintiff's paid services.  (Compl. ¶ 22.)  Plaintiff asserts that the campaign caused Plaintiff to be

28   the subject of negative news stories in Argentina and Latin America.  (Compl. ¶ 25.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    On August 29, 2019, Plaintiff filed an ex parte motion for early discovery, seeking the true

2  identities of Defendants from Dynadot LLC ("Dynadot") and Cloudflare, Inc. ("Cloudflare"),

3  California corporations who provide domain name services. (Dkt. No. 5 at 2.)  Plaintiff believes

4  that Defendants are Affiliates. (*Id.* at 3.)

5    On September 24, 2019, the Court denied Plaintiff's motion without prejudice. (Dkt. No.

6  8.)  The Court explained that in general, Federal Rule of Civil Procedure 26(d)(1) permits a court

7  to authorize early discovery if there is good cause. (*Id.* at 2.)  Further:

8
9    [i]n determining whether there is good cause to allow expedited
     discovery to identify anonymous internet users named as doe
     defendants, courts consider whether: (1) the plaintiff can identify the
10   missing party with sufficient specificity such that the Court can
     determine that defendant is a real person or entity who could be sued
11   in federal court; (2) the plaintiff has identified all previous steps
     taken to locate the elusive defendant; (3) the plaintiff's suit against
12   defendant could withstand a motion to dismiss; and (4) the plaintiff
     has demonstrated that there is a reasonable likelihood of being able
13   to identify the defendant through discovery such that service of
     process would be possible.

14  (*Id.* (internal quotation omitted).)  The Court found, however, that Plaintiff had failed to explain

15  how Defendants would be subject to the jurisdiction of this Court, as well as failed to identify

16  what steps it had taken to locate Defendants. (*Id.* at 2-3.)

17    On October 25, 2019, Plaintiff filed a renewed ex parte motion for early discovery. (Dkt.

18  No. 10.)  On November 22, 2019, the Court granted the motion. (Dkt. No. 13.)

19    On July 21, 2020, Plaintiff filed the instant motion for ex parte motion for early discovery.

20  Plaintiff explained that it had received the requested information from Dynadot, which identified

21  certain individuals and entities in Nevada and Arizona. (Pl.'s Mot. for Early Discovery at 5, Dkt.

22  No. 18; Shepard Decl. ¶¶ 4-6, Dkt. No. 18-1.)  Plaintiff now seeks to propound discovery requests

23  related to the use and acquisition of the domain names to ensure that the identified individuals and

24  entities are the correct defendants. (*Id.* at 6.)  Having reviewed the motion, the Court GRANTS

25  Plaintiff's motion for early discovery.

26    First, Plaintiff has shown that Defendants are real persons or entities which may be sued in

27  this Court.  Defendants contracted with Dynadot and Cloudflare to obtain domain name services;

28  in doing so, they agreed to terms of use with forum selection clauses in this district. (Pl.'s Mot.

United States District Court
Northern District of California

1    for Early Discovery at 8-9; *see also* Dkt. No. 13 at 2-3.)  The Ninth Circuit has found that "a party

2    has consented to personal jurisdiction when the party took some kind of affirmative act [such as]

3    accepting a forum selection clause . . . ." *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007).

4    Moreover, "courts have found personal jurisdiction based on consent to forum selection clauses

5    contained in internet websites' terms of use." *Twitch Interactive, Inc. v. Johnston*, Case No. 16-

6    cv-3404-BLF, 2018 U.S. Dist. LEXIS 184300, at \*10 (N.D. Cal. Jan. 22, 2018).

7          Second, Plaintiff has identified steps taken to identify Defendants.  Plaintiff has obtained

8    early discovery from Dynadot to identify the individuals and entities associated with the domain

9    names.  (Pl.'s Mot. for Early Discovery at 10-11.)  Without further discovery, Plaintiff cannot be

10    certain that these individuals are responsible for the fraudulent scheme.  (*Id.*)

11          Third, at least some of Plaintiff's claims can survive a motion to dismiss.  (*See* Dkt. No. 13

12    at 3.)  For example, Plaintiff brings a breach of contract claim.  Plaintiff's contracts prohibit

13    Networks and Affiliates from making misleading or fraudulent statements as part of a marketing

14    campaign.  (Compl. ¶ 32.)  Defendants, however, made fraudulent representations in signing

15    individuals up for Plaintiff's services, causing reputational harm and lost revenue.  (Compl. ¶¶ 33-

16    36.)

17          Fourth, there is a reasonable likelihood that the discovery sought will allow Plaintiff to

18    identify Defendants, thus making service possible.  Specifically, Plaintiffs can ensure that the

19    individuals identified by Dynadot are in fact Defendants.  (Pl.'s Mot. for Early Discovery at 11-

20    12; Moreno Decl. ¶ 6, Dkt. No. 18-2.)

21          Accordingly, the Court finds that Plaintiff has made a showing of good cause, and

22    GRANTS Plaintiff's motion for early discovery.  Plaintiff may serve subpoenas on the individuals

23    and entities identified by Dynadot as being associated with the domain names <MyPromos.vip>

24    and <SuperPromos.top>.  The subpoenas shall be for the limited purpose of identifying Doe

25    Defendants and Roe Corporations in this case.  Any information disclosed to Plaintiff in response

26    to a subpoena may be used by Plaintiff solely for the purpose of litigating this lawsuit.  This order

27    is without prejudice to the rights of these third parties to move to quash the subpoenas or to

28    ///

1    respond to the subpoenas in any other manner permitted by law.

2            IT IS SO ORDERED.

3    Dated: July 27, 2020

4                                          _____
                                           KANDIS A. WESTMORE
5                                          United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4